IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **JOHN EGBERT BARKLE, IV** § | | |
| *Plaintiffs,* § | | |
| § | | |
| vs. § | | |
| § | Civil Action No. _____ | |
| § | | |
| **TERESA SAENZ VELASQUEZ AND** § | | |
| **ALLSTATE FIRE AND CASUALTY** § | | |
| **INSURANCE COMPANY,** § | | |
| *Defendant.* § | **JURY REQUESTED** | |

## DEFENDANT ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Allstate Fire and Casualty Insurance Company (Allstate) hereby files its Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(a), and would show as follows:

### I. INTRODUCTION

1. This is a personal injury case arising out of a motor vehicle accident that occurred on or about June 11, 2021. Plaintiff filed his Original Petition in Cause No. 2023CVA000134D1 in the 49th Judicial District Court of Webb County, Texas, on January 26, 2023 against both Teresa Saenz Velasquez and Allstate.

2. Removal is based on diversity jurisdiction because, based upon a preponderance of the evidence, the amount in controversy is over $75,000.00, exclusive of interest and costs, and there is complete diversity between Plaintiff and Defendant Allstate as set forth below. Further, Allstate seeks removal within the one (1) year requirement set forth under 28 U.S.C. § 1446.[1]

---

[1] 28 U.S.C. § 1446(b)(3) (permitting removal "if the case stated by the initial pleading is not removeable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is

3.  On November 15, Plaintiff filed his Motion for Partial Dismissal.[2] On November 16, 2023, the state trial court signed an Order of Partial Dismissal of Defendant Velasquez.[3] During the hearing on Plaintiff's Motion for Partial Dismissal on November 20, 2023, Defendant Allstate discovered that the Order of Partial Dismissal had already been entered on November 16, 2023.

4.  Accordingly, Defendant Allstate discovered less than thirty (30) days prior to this Removal, that Plaintiff dismissed Defendant Velasquez from the lawsuit.[4] Thus, the voluntary act of Plaintiff settling with Defendant Velasquez and dismissing her from the case makes the case removable.[5]

5.  Plaintiff alleges claims and causes of action against Allstate related to Allstate's handling of Plaintiff's claim for underinsured motorist ("UIM") benefits pursuant to a Texas personal automobile insurance policy issued by Allstate.[6] Plaintiff seeks a declaratory judgment regarding coverage for the amount of the policy benefits he alleges are owed to him. Plaintiff also alleges entitlement to attorney's fees pursuant to Texas Civil Practice and Remedies Code Chapter 37.[7]

---

or has become removable"); *id*. at § 1446(c)(1) (limiting removal to one (1) year from the commencement of the lawsuit, unless the plaintiff acted in bad faith to prevent removal).

[2] Exhibit A, Plaintiff's Motion for Partial Dismissal.

[3] Exhibit B, Order of Partial Dismissal (dismissing Defendant Teresa Saenz Velasquez with prejudice).

[4] Please be advised that all references to state court pleadings contained will hereinafter be referred to as Exhibit C. Exhibit C, Defendant, Teresa Saenz Velasquez's Motion for Enforcement of Settlement Agreement; *id*. at Order Setting Hearing on Defendant Teresa Saenz Velasquez's Motion for Enforce Settlement Agreement; Exhibit A, Plaintiff's Motion for Partial Dismissal; Exhibit B, Order of Partial Dismissal.

[5] *See Great No. Ry. Co. v. Alexander*, 246 U.S. 276, 281 (1918); *American Car & Foundry Co. v. Kettelhake*, 236 U.S. 311, 316 (1915); *Crockett v. R.J. Reynolds Tobacco Co*., 436 F.3d 529, 532 (5th Cir. 2006).

[6] *See id*.at Plaintiff's Original Petition, ¶ 7, Pg. 4.

[7] *See id.* at ¶ 8, Pg. 5.

6. Defendant files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing Notice of Removal with the state court in which this case was previously pending.

## II.  GROUNDS FOR REMOVAL

7. Allstate previously removed the case to this Court on the basis of federal diversity jurisdiction in Civil Action No. 5:23-CV-00036.[8] The Court then requested briefing as to the timeliness of the removal, which the parties filed.[9]

8. Plaintiff then filed his Opposed Motion for Remand, which was ultimately granted in part and denied in part on May 30, 2023.[10]

9. Now that Plaintiff has voluntarily dismissed Defendant Velasquez from this lawsuit, this action falls squarely within this Court's jurisdiction.[11]

10. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the proper parties involved are citizens of different states, and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

**A.  Complete Diversity Exists Between the Proper Parties**

11. Allstate would show the Court that complete diversity exists in that all parties on one side of the case are citizens of different states than the parties on the other side.[12] In determining the domicile or citizenship of an individual, "[c]ourts frequently have looked to various factors which include, but are not limited to, current residence, voting registration and voting practices,

---

[8] See Dkt No. 1, Civil Action No. 5:23-CV-00036.
[9] See Dkt Nos. 2 - 4, Civil Action No. 5:23-CV-00036.
[10] See Dkt Nos. 6, 8, and 11. The Court's Order remanding the case to state court, Dkt No. 11, attached hereto as Exhibit D, granted Plaintiff's Motion to Remand in part because it was unclear at that point in time whether Defendant Velasquez had not been "effectively eliminated" from the lawsuit. See Dkt No. 11 at 4–5.
[11] Exhibit A, Plaintiff's Motion for Partial Dismissal (seeking dismissal of Defendant Velasquez with prejudice); Exhibit B, Order of Partial Dismissal (granting partial dismissal of Defendant Velasquez with prejudice from the lawsuit).
[12] *See Midcap Media Fin., LLC v. Pathway Data, Inc*. 929 F.3d 310, 313 (5th Cir. 2019).

payment of taxes, ownership of property, driver's license, location of bank accounts and place of employment."[13] "However, no single factor is determinative of the domicile question."[14]

12. Allstate would show the Court that Plaintiff is a citizen of the State of Texas in that he affirmatively pleads that he is an individual residing in Webb County, Texas in his Original Petition;[15] Plaintiff at the time of the accident made the basis of this lawsuit maintained a Texas Driver's License with an address in Laredo, Webb County, Texas; he is listed as a homeowner in Webb County by the Webb County Appraisal District where he presumably pays property tax; and, Plaintiff is registered to vote in Webb County, Texas.

13. "In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship. A person's state of domicile presumptively continues unless rebutted with sufficient evidence of change."[16] Furthermore, "evidence of a person's place of residence . . . is prima facie proof of his domicile" and "once established, [a] person's state of domicile presumptively continues unless rebutted with sufficient evidence of change."[17] As a result, Plaintiff should be considered domiciled in the State of Texas for diversity purposes herein.

14. At the time of filing of the lawsuit in state court and at the time of filing of this Notice of Removal, Allstate would show the Court that it is a corporation organized and incorporated under the laws of the State of Illinois, with its principal place of business located at

---

[13] *Everett v. Brief*, 1985 U.S. Dist. Lexis 14251, *8 (S.D. N.Y. Nov. 1, 1985).
[14] *Id.* (citing Wright, Miller & Cooper § 3612 at 530–31).
[15] *See* Exhibit C, Plaintiff's Original Petition, ¶ 2, P. 1.
[16] *Hollinger v. Home State Mut. Ins. Co*., 654 F.3d 564, 571 (5th Cir. 2011) (citing *Preston v. Tenet Healthsystem Mem. Med. Ctr*., 485 F.3d 793, 797–798 (5th Cir. 2007).
[17] *Id.*

3075 Sanders Road, Northbrook, Illinois 60062.[18] Thus, there is complete diversity between Plaintiff and Defendant Allstate in this case.

**B.     The Amount in Controversy Exceeds $75,000.00**

15.     Plaintiff's Original Petition states that Plaintiff "sues for monetary relief for these damages in excess of the minimum jurisdictional limits of the Court, over $250,000.00 but no more than $1,000,000.00."[19] Further, the limits of coverage for UIM benefits pursuant to the insurance policy issued by Allstate and at issue herein is $100,000.00 per person for bodily injuries, and thus the insurance policy limits exceed the $75,000.00 threshold for the amount in controversy.[20] In addition, Plaintiff has not filed a binding stipulation to accept only less than the jurisdictional amount, cited a law limiting his recovery, nor otherwise proved to a legal certainty that his recovery would be less than $75,000.00. What is more, the undersigned proposed a Stipulation limiting Plaintiff's damages to $75,000.00, however, Plaintiff never responded.[21]

### III.  VENUE

16.     Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, in the 49th Judicial District Court of Webb County, Texas, and a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in the District.

---

[18] *See* company profile of Allstate Fire and Casualty Insurance Company from the Texas Department of Insurance's website and the Illinois Department of Insurance's website, attached hereto as Exhibit E.  Materials printed from government websites have been found to be reliable and self-authenticating and admissible under Rule 803(8) of the Federal Rules of Evidence. *See Rychorcewicz v. Welltec, Inc.*, No. CV H-16-2, 2018 U.S. Dist. LEXIS 123512, at *7 (S.D. Tex. June 22, 2018), *report and recommendation adopted*, No. CV H-16-0002, 2018 LEXIS 123715 (S.D. Tex. July 24, 2018), *aff'd*, 768 F. App'x 252 (5th Cir. 2019); *Johnson v. United Healthcare of Tex., Inc.*, 167 F. Supp. 3d 825, 835 (W.D. Tex. 2016); *Kew v. Bank of Am., N.A.*, No. H–11–2824, 2012 U.S. Dist. LEXIS 56485, at n. 4 (S.D. Tex. Apr. 23, 2012).
[19] *See* Exhibit C, Plaintiff's Original Petition, ¶ 9, P. 5-6.
[20] *Cf. Robles v. Allstate Fire & Cas. Ins. Co.*, 2020 U.S. Dist. LEXIS 121405, at *5–6 (W.D. Tex. 2020) ("'if an insurance policy limits the insurer's liability to a sum below the jurisdictional threshold, the fact that a claimant wants more money does not increase the amount in controversy,'" (citing *Hartford Ins. Grp. v. Lou-Con Inc*., 293 F.3d 908, 911 (5th Cir. 2002)).
[21] See Exhibit G, Email dated June 12, 2023, with proposed Rule 11 Agreement.

## IV.  PROCEDURAL REQUIREMENTS

17. Pursuant to 28 U.S.C. § 1446(a), attached as Exhibit C hereto is an Index of State Court Papers and copies of all process, pleadings, orders, and civil cover sheet on file in the state court lawsuit, along with the state court's Register of Actions.  Additionally, attached as Exhibit F is a List of Parties and Counsel relating to this action, and attached as Exhibit G hereto is an Index of Matters Being Filed in this action.  Each of the exhibits is incorporated herein and made a part hereof for all pertinent purposes.

18. Pursuant to 28 U.S.C. § 1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

19. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of Defendant's Notice of Removal will be filed with the District Clerk of Webb County, Texas, promptly after Defendant files this Notice.

20. This Notice of Removal is being timely filed within thirty (30) days after receipt by the Defendant, through service or otherwise, "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[22] Thus, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(3). There exists an actual and justiciable controversy between Plaintiff and Defendant with regard to the legal issues herein and this controversy is within the jurisdiction of this Court.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Allstate Fire and Casualty Insurance Company respectfully requests that the above-captioned action now pending in the 49th

---

[22] 28 U.S.C. § 1446(b)(3).

Judicial District Court of Webb County, Texas be removed to the United States District Court for the Southern District of Texas, Laredo Division.

                Respectfully Submitted,

                **ORTIZ & LAW, P.C.**

                By: */s/ Jonathan Law*
                      Jonathan Law
                      State Bar No. 24028656
                      Southern District Federal ID 1031088
10100 Reunion Place, Suite 600
San Antonio, Texas 78216
Telephone: 210-344-3900
Facsimile: 210-366-4301
jon@ortizlawpc.com
jwl-svc@ortizlawpc.com
**ATTORNEY IN CHARGE,
DEFENDANT ALLSTATE FIRE AND
CASUALTY INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

On December 6, 2023, the foregoing document was served in compliance with the Federal Rules of Civil Procedure by mail, hand delivery, telecopier transmission, or CM/ECF electronic notice to the following:

Ryan King
John D. Woods, Jr.
HAGOOD & KING, LLC
1520 E. Highway 6
Alvin, Texas 77511
firm@h-kfirm.com

                                           */s/ Jonathan Law*
                                           Jonathan Law